UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| KIMBERLY SHEA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:12-CV-195-BG |
| ) | ECF |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant.[1] ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action seeking review of a decision of the Commissioner of Social Security, and the United States District Judge reassigned this case to the United States Magistrate Judge. Now before the court is Plaintiff's Motion to Dismiss. Because Plaintiff did not consent to proceed before a magistrate judge, the undersigned files this Report and Recommendation.

**I.     Discussion**

Plaintiff filed the motion to dismiss on March 20, 2013, stating that she no longer desires to prosecute her claim. The court may therefore dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**II.    Recommendation**

The undersigned recommends that the United States District Court dismiss this action without prejudice.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration, succeeding former Commissioner Michael J. Astrue. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is automatically substituted as Defendant in this case.

**III.     Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     March 21, 2013.

NANCY M. KOENIG
United States Magistrate Judge